**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *McKinney v. Haviland*, **Slip Opinion No. 2020-Ohio-4785.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4785

MCKINNEY, APPELLANT, *v*. HAVILAND, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *McKinney v. Haviland*, Slip Opinion No. 2020-Ohio-4785.]**

*Habeas corpus—Inmate had adequate remedy in ordinary course of law to raise alleged sentencing error—Court of appeals' dismissal of petition affirmed.*

(No. 2020-0286—Submitted July 7, 2020—Decided October 7, 2020.)

APPEAL from the Court of Appeals for Allen County, No. 1-19-68.

_____

**Per Curiam.**

{¶ 1} Appellant, Daniel P. McKinney, an inmate at the Allen-Oakwood Correctional Institution, appeals the judgment of the Third District Court of Appeals dismissing his petition for a writ of habeas corpus against appellee, James Haviland, the institution's warden.  We affirm.

*Background*

{¶ 2} In July 2003, a grand jury in Defiance County indicted McKinney on five felony counts: (1) robbery, (2) aggravated theft, (3) receiving stolen property,

and (4) two counts of failing to comply with a signal or order of a police officer. He was convicted of all counts and sentenced to an aggregate term of 20½ years in prison.

{¶ 3} The court of appeals reversed his conviction for receiving stolen property, affirmed in all other respects, and remanded the case for a new sentencing hearing. *State v. McKinney*, 3d Dist. Defiance No. 4-04-12, 2004-Ohio-5518. On remand, the trial court imposed the following prison sentences: 8 years for robbery, 4 years for aggravated theft, and 5 years and 1½ years, respectively, for the two failure-to-comply convictions. The trial court ordered him to serve the sentences consecutively, for an aggregate term of 18½ years.

{¶ 4} In October 2019, McKinney filed a petition for a writ of habeas corpus in the Third District. He alleged that the sentencing judge failed to make the findings required by R.C. 2929.14(C) before imposing consecutive sentences. According to McKinney, because the trial court failed to make the mandatory findings, he is entitled to "a presumption in favor of concurrent sentences." Thus, he concludes, his 4-year sentence for aggravated theft should have run concurrently with his 8-year sentence for robbery, resulting in an aggregate sentence of only 14½ years.[1] Because he has now served more than 16 years, McKinney contends that he is entitled to immediate release.

{¶ 5} The court of appeals granted Haviland's motion to dismiss, concluding that McKinney's complaint did not state a claim cognizable in habeas corpus. McKinney has appealed.

*Legal analysis*

{¶ 6} To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement. R.C. 2725.01; *State ex rel. Cannon v. Mohr*,

---

1. By statute, the sentences for the failure-to-comply charges must be served consecutively to any other prison terms. R.C. 2921.331(D).

155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. Habeas corpus is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully. *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998). Habeas corpus is not available when there is or was an adequate remedy in the ordinary course of the law. *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 8. We review de novo the dismissal of a habeas corpus petition for failure to state a claim. *Rock v. Harris*, 157 Ohio St.3d 6, 2019-Ohio-1849, 131 N.E.3d 6, ¶ 6.

{¶ 7} In Ohio, there is a statutory presumption of concurrent sentences for most felony offenses. R.C. 2929.41(A). A trial court may overcome this presumption by making three statutory findings described in R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. First, the court must find that requiring the sentences to be served consecutively is necessary to protect the public or to punish the offender. R.C. 2929.14(C)(4). Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* As for the third requirement, a number of different findings will suffice, one of which is that "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(C)(4)(c). The trial court must make the three findings *both* at the sentencing hearing *and* in the sentencing entry. *Bonnell* at ¶ 37.

{¶ 8} McKinney does not dispute that the trial-court judge made the three findings required under R.C. 2929.14(C) at his initial sentencing hearing and in the initial sentencing entry. And there is no question that the trial-court judge made the three necessary findings in the sentencing entry on remand. The entry states that consecutive sentences were necessary to protect the public from future harm. The entry also observes that each of McKinney's crimes "approaches the worst

form of the particular offenses," thereby satisfying the proportionality requirement. And the entry includes the following language in support of a finding under R.C. 2929.14(C)(4)(c): "The Court further finds that the Defendant is a danger to the community *based upon his past conduct and criminal behavior* [and] that maximum terms of imprisonment are required to protect the public from future harm by the Defendant * * *."

{¶ 9} McKinney's argument turns on the trial-court judge's failure to make the third required finding at McKinney's resentencing hearing. According to the hearing transcript, the trial-court judge stated:

> The Court finds that the sentencing factors which compel the imposition of terms of imprisonment previously stated still apply and the Court would reiterate those findings. * * *
>
> * * * The Court, again, based upon the evidence and information previously provided reiterates its finding that consecutive terms are necessary to protect the public; that concurrent terms would demean the seriousness of the offense; that consecutive terms in this instance are not disproportionate to the harm or risk that the offender presents to the public.

Although the trial-court judge repeated the findings he had made at the initial sentencing hearing as to the first two requirements, he did not expressly repeat his finding under R.C. 2929.14(C)(4)(a) through (c).

{¶ 10} McKinney contends that the trial-court judge's failure to make all the necessary findings at the sentencing hearing on remand entitles him to a presumption that the sentences run concurrently and that he is therefore entitled to immediate release. But McKinney cites no authority for the proposition that a trial court that has previously made findings cannot simply readopt those findings by

reference at a resentencing hearing. And regardless, McKinney's argument that the trial court failed to make the necessary findings under R.C. 2929.14(C)(4) raises an alleged sentencing error, for which McKinney had an adequate remedy in the ordinary course of the law. *See State ex. rel. Heston v. Judges of the Richland Cty. Court of Common Pleas*, 5th Dist. Richland No. 2019 CA 0098, 2019-Ohio-5399, ¶ 4-5 (dismissing mandamus petition challenging consecutive sentences because the relator had an adequate remedy through direct appeal). Accordingly, relief is unavailable in habeas corpus.

**{¶ 11}** For these reasons, the court of appeals was correct to dismiss McKinney's petition for failure to state a claim in habeas corpus.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

————————————

Daniel P. McKinney, pro se.

Dave Yost, Attorney General, and Maura O'Neill Jaite, Assistant Attorney General, for appellee.

————————————