[Cite as *State v. Cover*, 2021-Ohio-1303.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109959 |
| v. | : | |
| JEFFERY COVER, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 15, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-642333-A and CR-19-643403-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Frank Romeo Zeleznikar, Assistant
Prosecuting Attorney, *for appellee.*

Fred D. Middleton, *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Jeffery Cover appeals the trial court's decision deeming his two-year aggregate sentence in CR-19-642333-A to be mandatory. The final aggregate term of imprisonment is comprised of an 18-month sentence imposed upon a violation of

R.C. 2921.331(B), for the failure to comply with an order or signal of a police officer, and a six-month term of imprisonment imposed upon a violation of R.C. 2925.11(A), for felony drug possession. Both sentences were imposed to be served consecutive to each other and to a 12-month term of imprisonment Cover was already serving in CR-19-637096-A, but concurrent with the 12-month term of imprisonment imposed in CR-19-643403-A, which was also based on his failing to comply with an order or signal from a police officer. In this appeal, Cover claims the trial court erroneously imposed the two-year term of imprisonment as a mandatory sentence. We need not delve too deeply in this matter; the state concedes the error and the disposition. *Cleveland v. Andujar*, 8th Dist. Cuyahoga No. 106867, 2018-Ohio-3571, ¶ 1.

{¶ 2} The conduct underlying the charges against Cover in CR-19-642333-A involved his attempting to elude a police officer after the officer initiated a traffic stop. Cover reached speeds in excess of 100 miles per hour during the pursuit that occurred throughout the Rocky River, Ohio area. In light of the threat caused by Cover's conduct, the police officer ended the pursuit and Cover was apprehended at a later time. The events underlying the charges in CR-19-643403-A were similar, involved speeds nearing 90 m.p.h., and occurred in Independence, Ohio. The officers also ended the pursuit in light of the danger to the public. Cover fled from the officers in the attempt to evade an arrest warrant that had been issued.

{¶ 3} It is undisputed that Cover pled guilty to a violation R.C. 2921.331(B), which criminalizes eluding or fleeing "a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop."

Under subdivision (C)(5)(a), that violation is a felony of the third degree if the trier of fact determines, or the offender pleads guilty to the fact, that the offender's operation of the vehicle was either the "proximate cause of serious physical harm to persons or property" or "caused a substantial risk of serious physical harm to persons or property." R.C. 2921.331(D), the sentencing provision under which Cover was sentenced, provides that "if the offender is sentenced to a prison term for [a violation of R.C. 2921.331(C)], the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender." Thus, it is undisputed that the prison term imposed in CR-19-642333-A had to be imposed consecutive to "any other prison term" imposed upon the offender.

{¶ 4} Despite the statutory language, the trial court imposed the 12-month prison term in CR-19-643403-A to be served concurrent with the 24-month prison term imposed in CR-19-642333-A. Without objection, and after explaining the ramifications of the trial court's belief that the two-year term was considered a mandatory sentence and providing a notice of the right to appeal, Cover failed to take any action until his motion for judicial release was denied based on the trial court designating the 24-month sentence to be mandatory. Cover then filed this delayed appeal claiming that the term of imprisonment imposed in CR-19-642333-A was contrary to law. Leave for the delayed appeal was granted.

{¶ 5} "Once granted, a delayed appeal proceeds as any timely appeal would proceed, and the assertion of error is virtually the same as it would have been but

for the delayed filing." *State v. Silsby*, 119 Ohio St.3d 370, 2008-Ohio-3834, 894 N.E.2d 667, ¶ 14.  Accordingly, the Ohio Supreme Court's recent decision in *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, in which it was concluded that "sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant[,]" does not preclude Cover's challenge.  *Henderson* at ¶ 1; *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 42.

{¶ 6} There is one issue not addressed by the parties that requires further attention.  R.C. 2921.331(D) requires the trial court to impose the sentences in CR-19-642333-A to be served consecutive to any other prison term imposed on the offender, including the sentence imposed in CR-19-643403-A.  *McKinney v. Haviland*, Slip Opinion No. 2020-Ohio-4785, ¶ 4, fn. 1; *State v. Smith*, 8th Dist. Cuyahoga No. 108379, 2020-Ohio-914, ¶ 9, citing *State v. Parker*, 8th Dist. Cuyahoga No. 105361, 2018-Ohio-579, ¶ 29, and *State v. Whittsette*, 8th Dist. Cuyahoga No. 85478, 2005-Ohio-4824, ¶ 10.  Application of R.C. 2921.331(D) should have resulted in consecutive terms of imprisonment totaling four years, instead of the three-year aggregate term imposed for all cases.  The trial court erroneously imposed the sentence in CR-19-643403-A concurrent to the two-year term of imprisonment imposed in CR-19-642333-A.

{¶ 7} The state, however, failed to timely appeal the trial court's misapplication of R.C. 2921.331(D) through the imposition of concurrent sentences

as between the two cases. Without a timely cross-appeal filed under App.R. 3(C), this court is without jurisdiction to review the concurrent nature of the sentence imposed in CR-19-643403-A that was included in this consolidated appeal. *State v. Burge*, 9th Dist. Lorain No. 16CA010936, 2017-Ohio-5836, ¶ 53 (failure to timely file a cross-appeal deprived the court of jurisdiction to review the claimed error); *State v. Hill*, 1st Dist. Hamilton No. C-180114, 2019-Ohio-365, ¶ 46 (state failed to perfect a cross-appeal to challenge the trial court's decision granting leave to file a new trial, and was, therefore, limited to addressing the merits of the motion for new trial in the defendant's appeal of the adverse decision); *State v. Bosher*, 10th Dist. Franklin No. 13AP-1000, 2014-Ohio-2285, ¶ 9 (defendant is precluded from challenging the finding of reasonable suspicion for the initial stop, in the state's appeal of the motion to suppress evidence procured through the detention of the defendant, based on the failure to file a cross-appeal); *see also State v. Finger*, 8th Dist. Cuyahoga No. 106352, 2018-Ohio-1413, ¶ 4; *State v. Brazil,* 6th Dist. Wood No. WD-13-040, 2014-Ohio-995, ¶ 14. The trial court's erroneous sentence, which is not considered void and subject to collateral attack at any time, cannot be challenged at this juncture. *Henderson.* The erroneous sentence is merely voidable subject to a timely appeal, of which the state did not partake.

{¶ 8} As a result, we are limited to reviewing whether the trial court erred by imposing the two-year aggregate term of imprisonment as a mandatory sentence.

{¶ 9} On this point, the parties agree that such a sentence was improper and the appropriate remedy is to reverse the sentences, and remand for the trial

court to impose the consecutive service of the sentences imposed in CR-19-642333-A without the "mandatory" designation. Although the sentences imposed for CR-19-642333-A must be served consecutively to all other prison terms, that does not transform the sentences into mandatory ones. "R.C. 2929.13(F) addresses mandatory prison terms and lists offenses for which a sentencing court is obligated to impose a prison term." *State v. Johnson*, 116 Ohio St.3d 541, 2008-Ohio-69, 880 N.E.2d 896, ¶ 9. No provision under R.C. 2929.13(F) provides that the consecutive sentences required under R.C. 2921.331(D) are excluded from those sentences that may be reduced under other statutory provisions — in other words, R.C. 2929.13(F) does not expressly provide that the sentences imposed in this case are mandatory. Accordingly, we agree with the parties that the trial court designating the sentences imposed under R.C. 2921.331(D) to be "mandatory" was in error.

{¶ 10} Cover advanced four assignments of error all premised on the error with respect to the mandatory nature of the sentences imposed. The trial court erred in designating the two-year aggregate term of imprisonment in CR-19-642333-A as a mandatory sentence. We reverse and remand for the sole purpose of the trial court issuing a new final entry of conviction that omits any notation that the sentences are mandatory. All other assigned errors, if not specifically addressed herein, are overruled as moot. Reversed and remanded.

{¶ 11} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MICHELLE J. SHEEHAN, J., CONCUR