[Cite as *State v. Jones*, 2021-Ohio-3930.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

     Plaintiff-Appellee,          :

                            No. 110405

     v.                           :

LEE JONES,                              :

     Defendant-Appellant.         :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 4, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-643006-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Gregory Ochocki, Assistant Prosecuting
Attorney, *for appellee.*

Lee Jones, *pro se.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Lee Jones, appeals the trial court's decision denying his motion to withdraw his guilty plea and vacate his conviction pursuant to Crim.R. 32.1. For the reasons that follow, we affirm.

{¶ 2} In July 2020, Jones pleaded guilty to three first-degree felonies — two counts of rape and one count of aggravated robbery. The trial court imposed a total prison sentence of 30 years — 10 years on each count to be served consecutively. Jones did not appeal his convictions.

{¶ 3} On February 23, 2021, Jones filed a motion to withdraw his guilty plea and vacate his conviction pursuant to Crim.R. 32.1. He contended that his trial counsel provided him with misinformation prior to entering his plea and thus, he did not enter a knowing, intelligent, and voluntary plea. The trial court summarily denied his motion.

{¶ 4} Jones now appeals, raising two assignments of error. In both assignments of error, Jones contends that the trial court abused its discretion when it denied his Crim.R. 32.1 postsentence motion to withdraw his guilty plea without conducting a hearing. We disagree.

{¶ 5} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A trial court is not required to hold a hearing on a post-sentence motion to withdraw unless the defendant supports his motion with sufficient evidence demonstrating that he would be entitled to relief. *See, e.g., State v. Sadowsky*, 8th Dist. Cuyahoga Nos. 90696 and 91796, 2009-Ohio-341, ¶ 30.

{¶ 6} The defendant bears the burden of establishing the existence of "manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. Manifest injustice is "a clear or openly unjust act," *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998), "that is evidenced by 'an extraordinary and fundamental flaw in the plea proceeding.'" *State v. McElroy*, 8th Dist. Cuyahoga Nos. 104639, 104640, and 104641, 2017-Ohio-1049, ¶ 30, quoting *State v. Hamilton*, 8th Dist. Cuyahoga No. 90141, 2008-Ohio-455, ¶ 8. We review the trial court's decision denying Jones's motion under an abuse-of-discretion standard. *State v. D-Bey*, 8th Dist. Cuyahoga No. 109000, 2021-Ohio-60, ¶ 58.

{¶ 7} Jones contends that he was deprived of effective assistance of counsel prior to entering his plea and thus, did not enter a knowing, intelligent, and voluntary plea. Specifically, he states that counsel advised him that if he accepted the state's offer and pleaded guilty, he "would receive no extra sentence from the time he is presently serving as the trial court would sentence [him] to a concurrent sentence, [and] therefore [he] would not have to serve * * * one extra day from the time in the other cases he [is] presently serving." When Jones was sentenced, he was already serving an aggregate prison term of 53 years in connection with 12 prior felony convictions.

{¶ 8} We find no abuse of discretion by the trial court. First, Jones's arguments are barred by res judicata. It is well recognized that the doctrine of res judicata bars claims that were raised or could have been raised on direct appeal.

*State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221.  Consistent therewith, this court has recognized that the doctrine of res judicata bars all claims raised in a Crim.R. 32.1 motion that were raised or could have been raised in a prior proceeding, including a direct appeal.  *See, e.g., State v. McGee*, 8th Dist. Cuyahoga No. 91638, 2009-Ohio-3374.  Accordingly, because Jones could have raised this issue in a direct appeal, his claims are now barred.

{¶ 9} Additionally, Jones cannot establish that he was prejudiced by trial counsel's alleged promises.  To establish ineffective assistance of counsel, he must demonstrate that his counsel's performance fell below an objective standard of reasonable representation and that he was prejudiced by that performance.  *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 205, citing *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984).  Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland* at 694. The failure to prove either prong of the *Strickland* two-part test makes it unnecessary for a court to consider the other prong.  *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland* at 697.

{¶ 10} Assuming for the sake of argument that trial counsel promised Jones that his sentence would run concurrent to his previous sentences, Jones cannot establish the prejudice prong of *Strickland* because his sentences, as a matter of law,

are in fact running concurrently to his previous sentence, just as Jones wanted and just as his defense counsel allegedly promised. Pursuant to R.C. 2929.41, sentences run concurrently unless the trial court specifies otherwise or one of the exceptions listed therein applies. *See, e.g., McKinney v. Haviland*, 162 Ohio St.3d 150, 2020-Ohio-4785, 164 N.E.3d 415, ¶ 7 (there is a statutory presumption of concurrent sentences for most felony offenses).

{¶ 11} In this case, none of the exceptions under R.C. 2929.41 apply to Jones's sentences. And although the trial court ordered Jones's individual sentences in this case to run consecutively, the court did not order Jones's sentence in this case to run consecutively to his prior sentences. Accordingly, by operation of law, Jones is serving this 30-year sentence concurrently with his 53-year sentence from his previous convictions. Accordingly, Jones has failed to demonstrate that he was prejudiced by any alleged misinformation, and thus, cannot establish that he was denied effective assistance of counsel. No manifest injustice has been shown, and we find no error in the trial court's decision to deny Jones's motion to withdraw his plea without conducting a hearing.

{¶ 12} The assignments of error are overruled.

{¶ 13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR