[Cite as *State v. Beck*, 2024-Ohio-578.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112732 |
| v. | : | |
| ANTHONY BECK, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 15, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-22-670450-A and 22-675253-B

***Appearances:***

Cullen Sweeney, Cuyahoga County Public Defender, and
Rick Ferrara, Assistant Public Defender, *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Michael Timms, Assistant Prosecuting
Attorney, *for appellee*.

MARY EILEEN KILBANE, J.:

{¶ 1} After being sentenced in two cases, Cuyahoga C.P. No. CR-22-670450-A ("670450") and Cuyahoga C.P. No. CR-22-675253-B ("675253"),

defendant-appellant Anthony Beck ("Beck") appeals on the grounds that the trial court erred in imposing consecutive sentences. For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} On May 17, 2022, in 670450, a Cuyahoga County Grand Jury indicted Beck on nine counts stemming from an incident on May 10, 2022, when Beck fled from the police. Beck was subsequently apprehended, and a firearm and drugs were found in his vehicle. The indictment alleged Counts 1 and 2, failure to comply in violation of R.C. 2921.331(B); Counts 3 and 4, having weapons while under disability in violation of R.C. 2923.13(A)(2); Count 5, carrying a concealed weapon in violation of R.C. 2923.12(A)(2); Count 6, improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B); Count 7, trafficking in violation of R.C. 2925.03(A)(2); Count 8, drug possession in violation of R.C. 2925.11(A); and Count 9, possessing criminal tools in violation of R.C. 2923.24(A). Counts 1 and 2 each carried one-year firearm and forfeiture of a weapon specifications; Counts 3, 4, 5, and 6 each carried forfeiture of a weapon specifications; Counts 7 and 8 each carried one-year firearm and forfeiture of a gun, scale, and property specifications; and Count 9 carried forfeiture of a gun, scale, and property specifications. On October 24, 2022, Beck pleaded not guilty to the indictment.

{¶ 3} On November 17, 2022, in 675253, a Cuyahoga County Grand Jury indicted Beck on nine counts stemming from an incident on October 15, 2022, when Beck fled from the police in his vehicle, and drugs and a firearm were found in his vehicle. The indictment alleged Count 1, having weapons while under disability in

violation of R.C. 2923.13(A)(1); Count 2, having weapons while under disability in violation of R.C. 2923.13(A)(2); Count 3, having weapons while under disability in violation of R.C. 2923.13(A)(3); Count 4, improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B); Count 5, trafficking in violation of R.C. 2925.03(A)(2); Count 6, drug possession in violation of R.C. 2925.11(A); Count 7, trafficking in violation of R.C. 2925.03(A)(2); Count 8, drug possession in violation of R.C. 2925.11(A); and Count 9, possessing criminal tools in violation of R.C. 2923.24(A). Counts 1, 2, 3, and 4 each carried a forfeiture of a weapon specification, and Counts 6, 7, 8, and 9 each carried a one-year firearm and forfeiture of a gun, cell phone, scale, and property specifications. On November 22, 2022, Beck pleaded not guilty to the indictment.

{¶ 4} On January 17, 2023, the trial court conducted a plea hearing on both criminal cases. Beck stated no promises or threats had been made to encourage him to accept the plea agreement. Beck stated he was satisfied with his counsel and he was not under the influence of any drugs, alcohol, or medication. The trial court advised Beck of his constitutional rights. The trial court informed Beck of the maximum penalties associated with each charge made in the plea agreement. In regard to Count 2, failure to comply, charged in 670450, the trial court stated, "Count 2 has to run consecutive to any sentence you receive on Counts 3 and 8." Tr. 9. The trial court did not inform Beck that pursuant to the failure to comply charge in violation of R.C. 2921.331, a sentence in 670450 would be statutorily required to run consecutively to the sentence in 675253.

{¶ 5} In case number 670450, Beck withdrew his prior pleas and pleaded guilty to the following amended charges: Count 2, failure to comply with order or signal of police officer in violation of R.C. 2921.331(B), a felony of the fourth degree, with a forfeiture of a firearm specification; Count 3, having weapons while under disability, in violation of R.C. 2923.13(A)(2), a felony of the third degree, with a forfeiture of a firearm specification; and Count 8, drug possession, in violation of R.C. 2925.11(A), a felony of the third degree, with forfeiture of a firearm, scale, and property specifications. The trial court nolled Counts 1, 4, 5, 6, 7, and 9.

{¶ 6} In case number 675253, Beck withdrew his prior pleas and pleaded guilty to the following amended charges: Count 1, having weapons while under disability with a forfeiture of weapon specification; and Counts 6 and 8, drug possession with forfeiture of a gun, cell phone, scale, and property specifications. The court nolled all remaining counts.

{¶ 7} The trial court referred Beck for a presentence investigation and report.

{¶ 8} On February 15, 2023, the trial court held a sentencing hearing on both pending cases. Defense counsel indicated he had no objection to the presentence-investigation report. The assistant prosecuting attorney argued that, based upon the crimes committed on May 10, 2022, and October 15, 2022, as well as Beck's 15 prior felonies dating from 2006, a prison sentence was appropriate. Beck's counsel presented the court with letters of good character and argued Beck plays an active role in his children's lives. Defense counsel also referenced a number

of mental health diagnoses specified in the presentence-investigation report and asked that the court consider placing Beck on community-control sanctions. Beck acknowledged he has a drug addiction problem and requested drug treatment in lieu of prison.

{¶ 9} The trial court detailed Beck's lengthy criminal history starting in 2000, when Beck was a juvenile and stated, "[I]t's clear that Mr. Beck's prior criminal history rivals the most seasoned criminal in the county." Tr. 25-26. The trial court further made these statements regarding consecutive sentences:

> Consecutive sentences are necessary to protect the public from future crime, which undoubtedly will occur. The Court will be imposing prison terms consecutively after finding that consecutive sentences is necessary to protect the public from future crime and to punish the defendant, and that what I'm going to impose is not going to be disproportionate as to the seriousness of his conduct and the danger he poses to the public, and that Mr. Beck's history of criminal conduct demonstrates that sentences are necessary to protect the public from an assured future crime spree.

Tr. 26.

{¶ 10} In case number 670450, the trial court imposed 18 months on Count 2; 36 months on Count 3; and 36 months on Count 8. Counts 2 and 3 were to run consecutively to each other, and Count 8 was to run concurrently to Counts 2 and 3, for a total sentence of 54 months.

{¶ 11} In case number 675253, the trial court imposed 36 months on Count 1; 12 months on Count 6; and 12 months on Count 8, with all sentences to run concurrent to each other, for a total sentence of 36 months. The trial court ordered

the sentence in 675253 to run consecutive to Beck's sentence under 670450, for a cumulative total sentence of 90 months.

{¶ 12} On February 15, 2023, the trial court issued a sentencing judgment entry that reflects the imposed sentences and the court's consideration and reasoning for consecutive sentences.

{¶ 13} On March 27, 2023, Beck filed untimely appeals from his sentencing in both 670450 and 675253. On May 18, 2023, Beck filed a consolidated motion for delayed appeal and consolidated notice of appeal with this court, and this court granted Beck's motion for a delayed appeal on June 6, 2023. Beck presents one assignment of error:

> The trial court erred pursuant to Crim.R. 11 when it failed to state the maximum term possible due to Beck's plea, including that a prison term could run consecutive between cases.

**Legal Analysis**

{¶ 14} On appeal, Beck argues that the trial court failed to comply with Crim.R. 11 because it did not inform him of the maximum possible penalty, including the possibility of consecutive sentences between cases. The state argues that the trial court was not required to inform Beck that it had the option to impose consecutive sentences between the two cases.

{¶ 15} Beck's assignment of error, and the state's response, indicate the trial court's imposition of consecutive sentencing was discretionary. We will first assess whether imposition of consecutive sentences was discretionary or mandatory, and

we will then determine whether the trial court's advisement on this issue satisfied the mandates of Crim.R. 11.

**Discretionary or Mandatory Consecutive Sentences**

{¶ 16} The state argues that the court had an obligation to inform Beck of the maximum penalty associated with his charges, but the trial court was not required to instruct Beck that it had the option of imposing consecutive sentences. Beck's use of the wording "the possibility of discretionary consecutive sentences between the cases" in his appellate brief also suggests the trial court's imposition of consecutive sentences was discretionary.

{¶ 17} In this instance, the nature of the trial court's advisement on consecutive sentencing stems from R.C. 2921.331. In case number 670450, Count 2 charged Beck with failure to comply in violation of R.C. 2921.331(B), alleging that he unlawfully operated a motor vehicle so as to willfully elude or flee from a police officer after receiving a visible or audible signal from the officer to bring his motor vehicle to a stop. Beck pleaded guilty to Count 2, failure to comply, a felony of the fourth degree pursuant to R.C. 2921.331(C)(4). Beck's guilty plea implicated R.C. 2921.331(D), that states:

> If an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, *the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender.*

(Emphasis added.)

{¶ 18} R.C. 2921.331(D) requires the trial court to impose any sentence on Count 2 consecutively to sentences imposed on Counts 3 and 8 of that case — 670450. Additionally, the statute requires the trial court to impose any sentence in 670450 consecutively to any sentence imposed under 675253. *See State v. Cover*, 8th Dist. Cuyahoga No. 109959, 2021-Ohio-1303, ¶ 6; *McKinney v. Haviland*, 162 Ohio St.3d 150, 2020-Ohio-4785, 164 N.E.3d 415, ¶ 4, fn. 1. This consecutive sentencing is not at the discretion of the trial court but is mandatory as demanded by the statute's use of the word "shall."

{¶ 19} The state relies on *State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988), and *State v. Nordstrom*, 8th Dist. Cuyahoga No. 101657, 2015-Ohio-1454, to support its claim that the consecutive nature of Beck's sentences is discretionary and Beck's plea hearing complied with Crim.R. 11. The Ohio Supreme Court found in *Johnson* that a trial court's "failure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary." *Johnson* at syllabus. In *Johnson* and *Nordstrom,* which applied the holding in *Johnson,* the trial court had discretion to impose consecutive sentences. *Johnson* and *Nordstrom* are not dispositive in the instant case where the trial court's imposition of consecutive sentences was mandatory under R.C. 2921.331(D) rather than discretionary. *See State v. Willard*, 2021-Ohio-2552, 175 N.E.3d 989, ¶ 70 (11th Dist.); *State v. Bailey*, 9th Dist. Summit Nos. 28003, 28004, and 28005, 2016-Ohio-4937, ¶ 13; *State v.*

*Norman*, 8th Dist. Cuyahoga, No. 91302, 2009-Ohio-4044, ¶ 7; *State v. Pitts*, 159 Ohio App. 3d 852, 2005-Ohio-1389, 825 N.E.2d 695, ¶ 22 (6th Dist.).

{¶ 20} Further, "[w]hen consecutive sentences are mandatory, the consecutive sentence directly affects the length of the sentence, thus becoming a crucial component of what constitutes the 'maximum' sentence * * * ," and the trial court must inform the offender of the consecutive nature of the sentences. *Norman* at ¶ 7; *Willard* at ¶ 71 ("Courts have held that the trial court must inform the defendant of the consecutive nature of the sentences, as it is part of the maximum penalty.") Thus, the trial court was required to inform Beck that any sentence on Count 2 of 670450 must be served consecutive to sentences imposed on Counts 3 and 8 of that case as well as to a sentence imposed under 675253.

**Crim.R. 11 Compliance**

{¶ 21} Our next inquiry is whether the trial court's advisements during Beck's plea hearing conformed with Crim.R. 11.

{¶ 22} "The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty." *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 11 (1981). A trial court's compliance with Crim.R. 11 when it accepted an offender's plea is reviewed under a de novo standard. *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). A de novo review "requires an appellate court to review the totality of the circumstances and determine whether the plea

hearing was in compliance with Crim.R. 11(C)." *Cardwell* at ¶ 26, citing *Stewart* at 92-93.

{¶ 23} Relevant to Beck's appeal is Crim.R. 11(C)(2)(a) that requires the trial court to:

> [d]etermin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

The trial court was required to instruct Beck on the maximum penalty involved, including the mandatory imposition of consecutive sentences.

{¶ 24} During the plea colloquy, the trial court informed Beck that a sentence on Count 2 under 670450 would run consecutive to any sentence imposed on Counts 3 and 8 of that case.[1] The trial court did not state that a sentence in 670450 would be statutorily required to run consecutive to a sentence in 675253. Thus, the trial court failed to provide Beck with full notice of the maximum penalty — the mandatory consecutive prison term stemming from his failure to comply offense.

{¶ 25} Beck argues the trial court failed to comply with Crim.R. 11 and, therefore, this court should reverse and vacate his conviction and remand for new proceedings on both criminal cases. When a criminal defendant seeks on appeal a reversal of his conviction, the general rule is that the defendant must demonstrate

---

[1] Despite this advisement, the trial court sentenced Counts 2 and 3 consecutive to each other and concurrent to Count 8.

(1) an error in the proceedings and (2) the error caused prejudice to the defendant. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 13.

{¶ 26} In the criminal-plea context, Ohio courts recognize two exceptions to that general rule where a defendant is entitled to have his or her plea vacated without a showing of prejudice. *Id.* at ¶ 14. The first exception occurs when "a trial court fails to explain the constitutional rights [set forth in Crim.R. 11(C)(2)(c)] that a defendant waives by pleading guilty or no contest[.]" *Id.* at ¶ 14. Under such circumstances, it is presumed that the defendant entered a plea involuntarily and unknowingly, and no showing of prejudice to the defendant is required. The second exception occurs if there is a complete failure by the trial court to comply with a portion of Crim.R. 11(C)(2)(a) — the nonconstitutional aspects of the plea colloquy. *Id.* at ¶ 15, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22. When a trial court completely fails to comply with Crim.R. 11(C)(2)(a), the defendant need not show prejudice. *Id.*

{¶ 27} Aside from these two exceptions, a defendant must affirmatively show prejudice to invalidate a plea. *Dangler* at ¶ 14, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Dangler* at ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 28} Ohio case law has muddled the criminal-plea analysis by "suggesting different tiers of compliance with the rule" such as partial or substantial adherence or strict or literal compliance. *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164

N.E.3d 286, at ¶ 17. "But those formulations have served only to unduly complicate what should be a fairly straightforward inquiry." *Id.* The applicable standard when determining whether a defendant's plea was made understandingly and voluntarily in compliance with Crim.R. 11(C) is no longer one of strict or substantial compliance. Instead, the *Dangler* Court identified these questions to be asked when reviewing a trial court's Crim.R. 11(C) plea colloquy:

> (1) has the trial court complied with the relevant provision of the rule? (2) if the trial court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*Id.* at ¶ 17.

{¶ 29} The Ohio Supreme Court has not explicitly defined a trial court's "complete failure to comply" under a Crim.R. 11 analysis. In *Dangler*, the court determined there was not a complete failure to comply with the maximum sentence portion of Crim.R. 11(C)(2)(a) where the trial court advised the defendant of sex offender registration duties but did not inform the defendant of the residential restrictions and community notification requirements of sex offender classification. *Dangler* at ¶ 22. In *Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, the court found a complete failure to comply with the maximum penalty portion of Crim.R. 11(C)(2)(a) where a trial court "failed to mention postrelease control at all during the plea colloquy * * * before it accepted the guilty plea." *Id.* at ¶ 22.

> The [Ohio S]upreme [C]ourt hinted that *Sarkozy* might have been decided differently if the trial court had provided at least some advice concerning postrelease control during the plea colloquy: "The trial

court did not merely misinform Sarkozy about the length of his term of postrelease control. Nor did the court merely misinform him as to whether postrelease control was mandatory or discretionary. Rather, the court failed to mention postrelease control at all during the plea colloquy." [*Sarkozy* at ¶ 4.] By contrast, *Dangler* found there was not a complete failure to comply where a trial court provided incomplete advice concerning a distinct component of the maximum penalty (i.e., sex offender registration and notification requirements and duties).

*State v. Fabian*, 12th Dist. Warren No. CA2019-10-119, 2020-Ohio-3926, ¶ 19.

{¶ 30} Further, a complete failure to comply with Crim.R. 11(C)(2)(a) has been described as

"a trial court's total failure to inform a defendant of a distinct component of the maximum penalty during a plea colloquy constitutes a complete failure to comply with Crim.R. 11(C)(2)(a), thereby requiring the vacation of the defendant's guilty or no contest plea." [*State v. Fabian*, 12th Dist. Warren No. CA2019-10-119, 2020-Ohio-3926, ¶ 20]. "Or stated differently, a complete failure to comply with Crim.R. 11(C)(2)(a) involves a trial court's complete omission in advising about a distinct component of the maximum penalty. By contrast, a trial court's mention of a component of the maximum penalty during a plea colloquy, albeit incomplete or perhaps inaccurate, does not constitute a complete failure to comply with Crim.R. 11(C)(2)(a). *Id.*

*State v. Harris*, 2d Dist. Clark No. 2020-CA-29, 2021-Ohio-1431, ¶ 22.

{¶ 31} During Beck's plea hearing, the trial court advised Beck that under case number 670450, sentences on Counts 3 and 8 would run consecutive to a sentence on Count 2 but did not notify Beck that the sentence in 670450 would run consecutive to a sentence in 675253. The trial court did not completely fail to address the maximum sentence — the mandatory consecutive sentencing — but provided incomplete instruction on this matter. We find the trial court's recitation of the maximum penalty was not a complete failure to comply with Crim.R. 11(C)

and, therefore, Beck must show prejudice to establish his plea was less than knowingly, intelligently, and voluntarily rendered.

{¶ 32} "Prejudice must be established "'on the face of the record.'"" *Dangler,* 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 24, quoting *Hayward v. Summa Health Sys./Akron City Hosp.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶ 26, quoting *Wagner v. Roche Laboratories*, 85 Ohio St.3d 457, 462, 709 N.E.2d 162 (1999).

{¶ 33} There is nothing within the record that indicates Beck would not have entered his plea had he been completely informed about the mandatory consecutive sentence associated with his failure to comply charge. If all a defendant needed to claim to establish prejudice was the argument that the trial court did not fully advise him during the plea hearing,

> the prejudice requirement would all but be eliminated to the point where it was essentially nonexistent. *See Dangler* at ¶ 24 (rejecting appellant's claim that appellant demonstrated prejudice based solely on the fact that he was challenging his plea on appeal as that would "be tantamount to eliminating the prejudice requirement altogether"). The prejudice requirement is there for a reason; to effectuate a return to the "traditional rule" requiring a defendant to establish prejudicial error before the defendant's conviction may be reversed on appeal. *Id.* at ¶ 13.

*State v. Gabbard*, 12th Dist. Butler No. CA2020-12-125, 2021-Ohio-3646, ¶ 19. Beck presented no arguments whatsoever regarding prejudice. *See State v. Fisher*, 8th Dist. Cuyahoga No. 109276, 2021-Ohio-1592, ¶ 16 (no prejudice demonstrated where Fisher offered no arguments on the issue). Thus, Beck has not proven prejudice necessary to vacate his guilty plea.

{¶ 34} Accordingly, we overrule Beck's assignment of error because it is without merit.

{¶ 35} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR