[Cite as *State v. Smith*, 2020-Ohio-914.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108379 |
| v. | : | |
| DEVANTE SMITH, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 12, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-624387-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Lindsay Raskin, Assistant Prosecuting Attorney, *for appellee.*

Jordan | Sidoti, and Marcus S. Sidoti, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Devante Smith appeals from his sentence for drug trafficking in violation of R.C. 2925.03(A)(2). Because we find Smith's initial sentence was void and the trial court therefore had authority to correct the sentence, we affirm.

<u>Procedural History and Substantive Facts</u>

{¶ 2} On January 8, 2018, the Cuyahoga County Grand Jury returned an 11-count indictment against Smith, including four counts of drug trafficking, four counts of drug possession, one count of possessing criminal tools, one count of receiving stolen property, and one count of having weapons while under disability. On September 27, 2018, Smith agreed to plead guilty to an amended Count 1, drug trafficking in violation of R.C. 2925.03(A)(2). In exchange, the state agreed to dismiss the remaining charges as well as the firearm specification in Count 1. The plea agreement included an agreed recommended two-year prison sentence. At the plea hearing, the trial court stated that it planned to abide by the recommended sentence. The matter was then scheduled for sentencing in October but the hearing was twice continued, until November 27, 2018. At some point, apparently unbeknownst to the state, Smith appeared in Lake County to resolve charges brought by way of an information that had been filed on November 6, 2018, in that county. The record shows that on November 27, 2018, the trial court in this case issued a capias for Smith's failure to appear on November 27, 2018, and ordered Smith returned from Lake County for sentencing.

{¶ 3} On December 18, 2018, the court held a sentencing hearing on this case. Prior to the prosecutor's appearance at the hearing, defense counsel thanked the court for permitting Smith to "complete the matter [pending in] Lake County," asked the court to accept the agreed two-year sentence, and requested the court run the sentence in this case concurrently with the 18-month sentence imposed in Lake

County. Thereafter, according to the court transcript, the prosecutor, who was not the assigned prosecutor, entered the room. He noted the two-year agreed sentence with no judicial release and advised the court of the items that had been forfeited. The court imposed the two-year agreed recommended sentence and ordered the sentence to run concurrently with the Lake County case.

{¶ 4} On January 24, 2019, the court held another hearing in this matter, advising the parties that it had received a letter from the Ohio Department of Rehabilitation and Correction ("ODRC"), which stated that Smith's sentence on the Cuyahoga County case was improper. According to the ODRC, Smith had been sentenced in Lake County for domestic violence (six months) and failure to comply (one year), and a sentence for the failure to comply charge must be served consecutively to any other prison term imposed on the offender. Upon defense counsel's request, the court continued the hearing until March 5, 2019.

{¶ 5} At the March hearing, both defense counsel and the prosecutor denied knowledge of Smith's failure to comply conviction in Lake County at the time Smith was sentenced in Cuyahoga County. After hearing from the prosecutor and defense counsel, the trial court resentenced Smith, imposing a two-year prison term, as initially agreed. The court then ordered the sentence to run concurrently with Smith's Lake County domestic violence conviction but consecutively to the Lake County failure to comply charge.

**{¶ 6}** Smith now appeals, arguing in one assignment of error that the trial court erred in resentencing Smith. He contends the court had no jurisdiction to modify his sentence.

Law and Analysis

**{¶ 7}** Trial courts generally lack authority to reconsider their own final judgments in criminal cases unless it is to correct a clerical error or a void sentence. *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 20; *State v. Kalinowski*, 8th Dist. Cuyahoga No. 98922, 2013-Ohio-1453, ¶ 8. A trial court therefore retains continuing jurisdiction to correct a void sentence or to correct clerical errors in judgments. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19. And the state's failure to appeal an illegal, or void, sentence does not affect the trial court's duty to impose a sentence in accordance with the law. *See State v. Thomas*, 111 Ohio App.3d 510, 512, 676 N.E.2d 903 (8th Dist.1996), *appeal not accepted*, 77 Ohio St.3d 1469, 673 N.E.2d 135 (1996) (stating that the failure of a prosecutor to raise an issue either before the sentencing court or on appeal does not in any way change the duty of the court to impose a mandatory sentence prescribed by the legislature). Indeed, "[a] trial court's authority to correct a void sentence does not hinge upon how the court became aware of its illegality." *State v. Ramey*, 10th Dist. Franklin No. 06AP-245, 2006-Ohio-6429, ¶ 13, citing *State v. Bush*, 10th Dist. Franklin No. 99AP-4, 1999 Ohio App. LEXIS 5593 (Nov. 30, 1999) (involving officials at the Correctional Reception Center who informed the court a sentencing error had occurred).

{¶ 8} Ohio courts have consistently held that a sentence that is not in accordance with statutorily mandated terms is void. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 8, citing *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864; *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984); *Colegrove v. Burns*, 175 Ohio St. 437, 195 N.E.2d 811 (1964). And when a sentence is void, and the matter has come to the attention of the trial court, "the court 'cannot ignore' the matter." *Kalinowski* at ¶ 8, quoting *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 12. The trial court must therefore correct the "'offending portion'" of the sentence. *Id.*, quoting *Fischer* at ¶ 27. Thus, the proper remedy for a trial court's failure to comply with mandatory sentencing laws is a resentencing hearing limited to correcting the void sentence. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 30, citing *Fischer* at ¶ 29.

{¶ 9} Smith was convicted in Lake County of failure to comply in violation of R.C. 2921.331(B), a felony of the third degree, which provides that "[n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." Under R.C. 2921.331(D), an offender who is sentenced to a prison term for violation of the above section, "shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender." Therefore, Smith's failure to comply charge "cannot be served concurrently [with] any other sentence." *State v. Parker*, 8th Dist. Cuyahoga No. 105361, 2018-Ohio-

579, ¶ 29; *State v. Whittsette*, 8th Dist. Cuyahoga No. 85478, 2005-Ohio-4824, ¶ 10 (stating that "a trial court has no discretion in the decision to impose a consecutive sentence for a violation of R.C. 2921.331(B)").

{¶ 10} This consecutive service mandate applies where a defendant is being sentenced in two or more separate cases, as well as in cases that occurred in a different county and predate the failure to comply charge. *State v. Spicer*, 8th Dist. Cuyahoga Nos. 92384 and 92385, 2010-Ohio-61, ¶ 19 (finding that pursuant to R.C. 2921.331(D), a term of imprisonment for failure to comply must run consecutive to that of any other term of imprisonment, "no matter if the sentence is being imposed in the same or different case"); *State v. Perry*, 8th Dist. Cuyahoga No. 101667, 2015-Ohio-1542, ¶ 11 (finding the consecutive sentence mandate in R.C. 2921.331(D) applies "even if the defendant's other offenses occurred in a different county and predate[] the charge of failure to comply in the present case").

{¶ 11} Here, Smith's original Cuyahoga County two-year agreed sentence was ordered to be served concurrently with the sentence on his Lake County failure to comply conviction. Because this sentence did not comply with the consecutive service mandate of R.C. 2921.331(D), the sentence was void. Therefore, the trial court properly exercised its continuing jurisdiction to correct a void sentence when it ordered Smith's Cuyahoga County sentence to be served consecutive to his sentence for the failure to comply charge in Lake County. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19 (a trial court

retains continuing jurisdiction to correct a void sentence); *Beasley*, 14 Ohio St.3d at 75, 471 N.E.2d 774 (a trial court is authorized to correct a void sentence).

{¶ 12} Smith's sole assignment of error is overruled.

{¶ 13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR