[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Scott v. Ohio Dept. of Rehab. & Corr.*, Slip Opinion No. 2022-Ohio-3635.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3635

THE STATE EX REL. SCOTT, APPELLANT, *v*. OHIO DEPARTMENT OF REHABILITATION AND CORRECTION,[1] APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Scott v. Ohio Dept. of Rehab. & Corr.*, Slip Opinion No. 2022-Ohio-3635.]

*Mandamus—Sentencing entries unambiguously imposed aggregate ten-year prison term on inmate alleging that only seven-year term had been imposed— Court of appeals' dismissal of amended petition for failure to state a claim upon which relief can be granted affirmed.*

(No. 2022-0278—Submitted August 2, 2022—Decided October 18, 2022.)

APPEAL from the Court of Appeals for Marion County, No. 9-21-38.

_____

_____

1. In the Third District Court of Appeals, appellant, Ledail Scott, filed a motion for leave to file an amended petition naming the Ohio Department of Rehabilitation and Correction as the respondent. The court granted the motion.

**Per Curiam.**

**{¶ 1}** Appellant, Ledail Scott, an inmate at the North Central Correctional Complex, appeals the judgment of the Third District Court of Appeals dismissing his amended petition for a writ of mandamus against appellee, the Ohio Department of Rehabilitation and Correction ("DRC"). We affirm.

## Background

**{¶ 2}** In August 2015, Scott was sentenced in two criminal cases in Lorain County. In case No. 11CR084217, he was convicted of aggravated robbery with a firearm specification and sentenced to an aggregate prison term of seven years: four years for aggravated robbery and three years for the specification, to be served consecutively. The sentencing entry stated, "Sentence is concurrent with the sentence imposed in 11CR084218 for an aggregate sentence of 10 years."

**{¶ 3}** In case No. 11CR084218, Scott was convicted of two counts of aggravated burglary, each with a firearm specification. The trial court merged the aggravated-burglary counts and sentenced Scott to an aggregate prison term of seven years: four years for aggravated burglary and three years for the specification, to be served consecutively. The sentencing entry stated, "Sentence is concurrent with the sentence imposed in 11CR084217 for an aggregate sentence of 10 years."

**{¶ 4}** In November 2021, Scott filed a petition for a writ of habeas corpus against the warden of the facility in which he was confined. He alleged that by imposing concurrent sentences in the two cases, the trial court had sentenced him to an aggregate prison term of only seven years and that given his jail-time credit, he completed his maximum sentence in April 2020. The warden filed a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted.

**{¶ 5}** Scott then filed a motion for leave to file an amended petition setting forth the same legal theory but seeking relief in mandamus instead of habeas corpus. Scott's motion made clear that he was abandoning his habeas claim and

pursuing mandamus relief as "the original and only Petition filed herein." The mandamus petition substituted DRC as the respondent and sought a writ compelling DRC to correct Scott's sentences.[2]

{¶ 6} The Third District granted Scott's motion for leave to file the amended petition. But on the merits, the Third District still treated Scott's petition as a habeas petition, denying relief because Scott was "restrained by virtue of judgments of a court of record that had jurisdiction to issue the judgments, the aggregate sentence has not expired, and a writ of habeas corpus will not issue;" the court also observed that "sentencing errors, such as those alleged by [Scott], are not cognizable in habeas corpus." The Third District, however, also made the critical determination necessary to dispose of Scott's mandamus claim, concluding that DRC had "properly calculated the firearm specifications as consecutively imposed prison terms based upon the explicit language of the sentencing court in its judgment entries, which incorporated the sentencing sequencing requirement of R.C. 2929.14(C)(1)(a)." The court saw no need to correct DRC's sentence calculation because DRC had "properly executed the sentence imposed by the sentencing court." Accordingly, the court granted DRC's motion to dismiss the amended petition.

{¶ 7} Scott timely appealed to this court.

### Analysis

{¶ 8} We review dismissals under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8. "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. "Dismissal of a

---

2. Scott also requested monetary damages, which the court of appeals lacked jurisdiction to award. *See* Ohio Constitution, Article IV, Section 3(B). Scott has not developed an argument in support of that request on appeal.

complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in [the] relator's favor, it appears beyond doubt that [the] relator can prove no set of facts warranting relief." *Clark v. Connor*, 82 Ohio St.3d 309, 311, 695 N.E.2d 751 (1998).

{¶ 9} To be entitled to a writ of mandamus, a party must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3.

{¶ 10} Ohio law provides for additional punishment for an offender when a firearm was involved in the offense. R.C. 2929.14(B). The sentence for a firearm specification must be served consecutively to, and prior to, any sentence for the underlying felony offense. R.C. 2929.14(C)(1)(a); *State v. Moore*, 154 Ohio St.3d 94, 2018-Ohio-3237, 111 N.E.3d 1146, ¶ 8. In accordance with this statutory requirement, Scott received an aggregate seven-year prison sentence in each of his two underlying cases: four years for the underlying felony plus three years for the firearm specification.

{¶ 11} R.C. 2929.14(C)(1)(a) also requires that the sentence for a firearm specification be served "consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender." This explains how the trial court arrived at an aggregate sentence of ten years: four years for the underlying felonies (to be served concurrently) plus two consecutive three-year terms for the separate firearm specifications. Therefore, DRC correctly calculated what Scott's aggregate sentence *should* be.

{¶ 12} Scott argues that irrespective of what the sentence should be, DRC must impose the sentence the trial court *actually* imposed. When a statute requires sentences to be served consecutively and the sentencing entry is *silent* as to how

the sentences are to run, the statute controls. *State ex rel. Thompson v. Kelly*, 137 Ohio St.3d 32, 2013-Ohio-2444, 997 N.E.2d 498, ¶ 10. But when sentencing entries unambiguously order that sentences be served concurrently and do not separately address the sentences for firearm specifications, then the entries control and DRC must execute the sentence imposed by the court. *State ex rel. Fraley v. Ohio Dept. of Rehab. & Corr.*, 161 Ohio St.3d 209, 2020-Ohio-4410, 161 N.E.3d 646, ¶ 17. Scott contends that his case is identical to *Fraley*. His theory is that the sentencing entries ordered the "sentences" to run concurrently, without separately addressing the firearm specifications. Therefore, Scott argues, the specifications must also run concurrently with each other, for an aggregate prison term of seven years.

{¶ 13} *Fraley* does not require a trial court to use any magic words to indicate that concurrent sentences exclude firearm specifications. The sentencing entries in this case unambiguously imposed an aggregate prison term of ten years. By doing so, the trial court demonstrated its intent and understanding that only the sentences for the felony offenses, not the firearm-specification sentences, would run concurrently. This fact distinguishes this case from *Fraley*, because the sentencing entries in that case ordered that the "sentences" run concurrently, with no qualifications and no calculation of an aggregate sentence.

{¶ 14} Scott argues that DRC and the courts should ignore the portion of the entries imposing a ten-year aggregate prison term, suggesting that the trial court made a mathematical error. But the entire premise of Scott's lawsuit is the rule that DRC must impose the sentence as drafted—and that it cannot correct what it perceives to be an error. The trial court imposed an aggregate sentence of ten years, and DRC has no discretion, much less a clear legal duty, to change that sentence.

{¶ 15} The court of appeals correctly dismissed Scott's petition for failure to state a claim upon which relief can be granted. We affirm.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

————————————

Ledail Scott, pro se.

Dave Yost, Attorney General, and Stephanie L. Watson, Assistant Attorney General, for appellee.

————————————