[Cite as *State v. Dawson*, 2024-Ohio-1806.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                     Court of Appeals No.  OT-23-016

     Appellee                                  Trial Court No.  22 CR 045

v.

Antwuan B. Dawson                     **DECISION AND JUDGMENT**

     Appellant                                 Decided:  May 10, 2024

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Thomas A. Matuszak, Assistant Prosecuting Attorney, for appellee.

Joseph Sobecki, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant, Antwuan B. Dawson, appeals from the December 1, 2022 judgment of the Ottawa County Court of Common Pleas convicting him of one count of failure to comply, two counts of receiving stolen property, one count of improperly handling firearms in a motor vehicle, one count of carrying concealed weapons, one count of tampering with evidence, one count of possession of criminal tools, and one count of assault and sentencing him to an aggregate prison term of 11 years.  Dawson's single assignment of error challenges the trial court's imposition of consecutive sentences.  For the reasons that follow, the trial court's judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} On March 3, 2022, the Ottawa County Grand Jury indicted Dawson on one count of failure to comply in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a felony of the third degree (count one); two counts of receiving stolen property in violation of R.C. 2913.51(A) and (C), a felony of the fourth degree (counts two and three); one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B) and (I), a fourth degree felony (count four); one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2) and (F)(1), a felony of the fourth degree (count five); one count of tampering with evidence in violation of R.C. 2921.12(A)(1) and (B), a third-degree felony (count six); one count of possessing criminal tools in violation of R.C. 2923.24(A) and (C), a fifth-degree felony (count seven), and one count of assault in violation of R.C. 2903.13(A) and (C)(4)(a), a fifth-degree felony (count eight). Counts one and two each had a one-year firearm specification under R.C. 2941.141(A). Counts two and three had specifications for forfeiture of property under R.C. 2941.1417(A).

{¶ 3} Counts one through seven stem from an incident on February 10, 2022 in which Dawson, after being signaled to pull over by police officers while driving on State Route 2 in Ottawa County, engaged in a high-speed attempt to escape police. Dawson only stopped the vehicle he was driving after police used spikes, and then he and the passengers in Dawson's vehicle attempted to flee the police on foot. Dawson was eventually apprehended, and police discovered, among other things, that the vehicle Dawson had been driving was stolen and Dawson was in possession of a loaded, stolen firearm.

2.

{¶ 4} Count eight, assault, arose from an incident on February 19, 2022. According to the indictment, on that date, Dawson caused or attempted to harm someone on the grounds of a local correctional facility. The victim was either an employee of the correctional facility or probation department, or on the premises of the correctional facility as a visitor or for business purposes. The indictment further alleged that Dawson was under custody in the correctional facility after he had been arrested and charged with or convicted of a crime.

{¶ 5} Dawson initially pled not guilty to the charges and moved for a hearing to determine his competency to stand trial. Dawson was then evaluated by a psychologist, Dr. Daniel Marston, whose report was filed under seal. Based on Dr. Marston's report, the trial court found Dawson competent to understand the proceedings against him and to assist in his defense.

{¶ 6} On October 21, 2022, Dawson changed his plea to guilty on all eight counts, and the trial court ordered a presentence investigation (PSI). According to the PSI, Dawson's criminal history included a dismissed charge from October 13, 2021 in Wayne County, Michigan for assault with a dangerous weapon; the offenses in the instant case; and an active warrant from Macomb County, Michigan for the unauthorized use of a vehicle. Dawson also has a significant substance abuse history, and according to the PSI, he used marijuana, ecstasy, and narcotic pain medications daily, with his most recent use occurring on the day of the February 10, 2022 incident. The PSI also contained a notation stating that Dawson had been involved in several incidents while in a correctional facility awaiting trial, the most recent of which was September 30, 2022.

3.

During one or more of these incidents, Dawson assaulted staff or other inmates, a Taser had to be deployed, and Dawson was placed in a restraint chair. The PSI also noted, "according to one of the arresting [o]fficers Mr. Dawson made the comment … that if the K9 did not scare him Mr. Dawson was going to start shooting."

{¶ 7} On November 28, 2022, Dawson appeared for sentencing. The trial court found that counts 4 and 5 merged and the state elected to proceed to sentencing on count 4. After explaining that it had reviewed the entire PSI, the appellant's statements, and the police reports, the court imposed the following sentences: as to count one, a 36-month prison term; as to count two, a 12-month prison term; as to count five, a 12-month prison term; as to count six, a 36-month prison term; as to count seven, a 12-month prison term; and as to count eight, a 12-month prison term. The court ordered the sentences to run consecutively, finding that consecutive sentences were "necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public."

{¶ 8} The following discussion then occurred between the prosecutor and the court:

> Mr. Matuszak: Your Honor, when the Court made its consecutive sentence findings, I had missed which subsection of 2929.14(C)(4). Was it (B) or (C)? I believe it was (B).
> The Court: Let me reread. I don't have the section. It, I found that the Court finds that consecutive service is necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public.

Mr. Matuszak: And I believe the Court has to select one of the three subsections, (A), (B), or (C).

The Court: The Court further finds that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9} As to the firearm specifications on counts one and two, the court explained that the count one's 36-month term included the one-year specification. The court initially stated that count two's 12-month term also included a one-year specification, but then amended the sentence so that count two would have two prison terms: a 12-month term to run concurrent with the sentences in the other counts, and a 12-month term for the firearm specification to run consecutively with the other sentences. As a result, the trial court imposed an aggregate sentence of 11 years.

{¶ 10} Dawson was granted leave to file a delayed appeal of his sentence on August 2, 2023.

## II. Assignment of Error

{¶ 11} Dawson asserts the following assignment of error for review:

The trial court erred by ordering that Dawson's sentences be served consecutively.

## III. Arguments of the Parties

{¶ 12} In support of his assignment of error, Dawson makes three arguments. First, Dawson argues that the trial court did not make the required statutory finding of necessity under R.C. 2929.14(C)(4) because the court found that consecutive sentences were "necessary to protect the public from future crime or to punish the offender" rather than electing one basis for necessity. Next, Dawson argues that the trial court erred in only making a finding under R.C. 2929.14(C)(4)(a), (b), or (c) after the state prompted

5.

the court. Finally, Dawson argues that the record clearly and convincingly does not support the trial court's finding under R.C. 2929.14(C)(4)(c).

{¶ 13} In response, the state argues that Dawson failed to object to the imposition of consecutive sentences in the trial court and therefore has waived all but plain error. The state also contends that Dawson did not transmit all of the trial court records, and therefore the proceedings below must be presumed to be regular. Next, the state points out that the trial court was required by statute to impose consecutive prison terms for count one, failure to comply, as well as the one-year firearm specifications on counts one and two. Finally, the state argues that Dawson failed to demonstrate that the record clearly and convincingly does not support the imposition of consecutive sentences for counts three, five, six, seven, and eight.

### IV. Law and Analysis

{¶ 14} Sentencing challenges are reviewed under R.C. 2953.08(G)(2). The statute permits an appellate court to increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand the matter for resentencing where the court finds:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶ 15} The Ohio Supreme Court, in a plurality decision, recently vacated its earlier decision requiring an appellate court to conduct a de novo review of consecutive

6.

sentences and consider the aggregate sentence imposed.[1]  *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851 ("*Gwynne V*"), vacating *State v. Gwynne*, 2022-Ohio-4607 ("*Gwynne IV*").  Instead, the lead opinion in *Gwynne V* explained that under R.C. 2953.08(G)(2), an appellate court must give deference to a sentencing court's findings in support of consecutive sentences.  *Id*. at ¶ 15.  Unless an appellate court has "a firm belief or conviction that the record does not support the trial court's findings," the appellate court must affirm a trial court's judgment imposing consecutive sentences.  *Id*.

{¶ 16} Generally, R.C. 2929.41(A) imposes a presumption that prison terms are to be served concurrently.  *State v. Neff*, 2021-Ohio-3766, ¶ 65 (6th Dist.).  To impose consecutive sentences, a trial court must make three findings in both the sentencing hearing and in the sentencing entry.  R.C. 2929.14(C)(4).  *See also State v. Bonnell*, 2014-Ohio-3177, syllabus; *State v. Sipperley*, 2020-Ohio-4609, ¶ 14 (6th Dist.).  The three findings are as follows: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the findings listed in R.C. 2929.14(C)(4)(a), (b), or (c).  *State v. Beasley*, 2018-Ohio-493, ¶ 252.  A trial court need not explain its reasoning for its findings as long as the record contains some evidence to

---

[1] At the time that Dawson filed his brief, *Gwynne V* had not yet been released, and his brief cites *Gwynne IV*.  *Gwynne V* was released shortly after Dawson filed his brief, and the state cites *Gwynne V* in its brief.  Despite being granted extra time to do so, Dawson did not file a reply brief and therefore has not presented any arguments regarding *Gwynne V*.

7.

support the trial court's findings.  *Bonnell*, 2014-Ohio-3177 at ¶ 29; *see also State v. Jones*, 2024-Ohio-1083, ¶ 11.  Further, "a word-for-word recitation of the language of the statute is not required" so long the trial court engaged in the correct analysis.  *Id.*

{¶ 17} Notably, these findings are not required to impose consecutive sentences for all offenses.  Trial courts are statutorily required to impose consecutive sentences for certain offenses.  R.C. 2921.331(D), Ohio's failure-to-comply statute, provides as follows:

> If an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender.

A court sentencing an offender convicted of violating R.C. 2921.331(B)(C)(5)(a)(ii), as here, need not make R.C. 2929.14(C)(4) findings before requiring the offender to serve the sentence imposed for the violation consecutively to the offender's other sentences. *McKinney v. Haviland*, 2020-Ohio-4785, ¶ 4, fn. 1 ("By statute, the sentences for the failure-to-comply charges must be served consecutively to any other prison terms."); *State v. Barnhart*, 2023-Ohio-3488, ¶ 30-31 (4th Dist.).  Accordingly, the trial court was required to order Dawson to serve his sentence for count one, failure to comply, consecutively with his other sentences and did not need to make any findings under R.C. 2929.14(C)(4).

{¶ 18} Similarly, "[t]he sentence for a firearm specification must be served consecutively to, and prior to, any sentence for the underlying felony offense." *State ex rel. Scott v. Ohio Dept. of Rehab. & Correction*, 2022-Ohio-3635, ¶ 10, citing R.C.

8.

2929.14(C)(1)(a); *State v. Moore*, 2018-Ohio-3237, ¶ 8. "R.C. 2929.14(C)(1)(a) also requires that the sentence for a firearm specification be served 'consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.'" *Scott* at ¶ 11; *see also State v. McDonald*, 2019-Ohio-1034, ¶ 12-14 (6th Dist.). Accordingly, the trial court was not required to make R.C. 2929.14(C)(4) findings to impose consecutive sentences imposed for the firearm specifications on counts one and two.

{¶ 19} Because the trial court was not required to make any findings under R.C. 2929.14(C)(4) to run Dawson's sentences for his failure-to-comply conviction and two firearm specifications consecutively with his sentences for his other convictions, our review of the trial court's findings under that statute is limited to the sentences imposed for counts three, five, six, seven, and eight. With respect to those counts, the trial court made the necessary R.C. 2929.14(C)(4) findings.

{¶ 20} First, Dawson's argument that the trial court did not make a finding that consecutive sentences were necessary is incorrect. Dawson contends that the trial court was required to choose whether consecutive sentences were necessary to protect the public or to punish Dawson, and therefore the trial court's statement that consecutive sentences were "necessary to protect the public from future crime or to punish the offender" did not amount to an election of either. The trial court directly recited the language in R.C. 2929.14(C)(4) regarding necessity, and although a trial court is not required to quote the statutory language in making its findings, a trial court is certainly not prohibited from doing so.

9.

{¶ 21} In addition, the trial court's finding under R.C. 2929.14(C)(4)(c) was not clearly and convincingly unsupported by the record. Under that section, the trial court must find that "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶ 22} For purposes of R.C. 2929.14(C)(4)(c), a trial court is not limited to considering criminal conduct that resulted in a conviction. *State v. Steele*, 2017-Ohio-7605, ¶ 11 (8th Dist.) ("[A] sentencing judge can consider a defendant's uncharged conduct as a basis for establishing a history of criminal conduct for purposes of ordering consecutive service."); *see also State v. Tillis*, 2023-Ohio-673, ¶ 31 (11th Dist.) ("[T]he sentencing court is permitted to consider charges against a defendant in ordering consecutive sentences even if a defendant is not ultimately convicted of such charges."). Indeed, in a case involving an offender without any prior adult convictions, the Tenth District Court of Appeals held that the trial court properly considered the offender's drug use in finding that R.C. 2929.14(C)(4)(c) applied. *State v. Cardwell*, 2016-Ohio-5591, ¶ 11, 15 (10th Dist.). Further, although "the offenses of the case at issue … cannot be the sole basis underlying the trial court's history-of-criminal conduct finding, … they may nevertheless be considered as part of the offender's criminal history." *State v. Curtis*, 2022-Ohio-1691, ¶ 13 (2d Dist.).

{¶ 23} Here, according to the PSI, Dawson was charged with assault with a dangerous weapon in October 2021, only a few months after his 18th birthday. That charge was dismissed, but only a few months later was the February 10, 2022 high-speed chase underlying most of the charges for which he was convicted in this case. A little

10.

over a week after Dawson was arrested, on February 19, 2022, he committed assault while being held in a correctional facility, an offense for which he was also convicted in the instant case. In addition to his conviction for assault in the correctional facility, the PSI reported that Dawson had been involved in several other violent incidents while there. The PSI also included Dawson's significant substance abuse history, including daily use of marijuana, ecstasy, and narcotic pain medications as recent as the date of his arrest in this case. Given Dawson's history of criminal conduct—both charged and uncharged—in the short time he has been an adult, the trial court's findings are not clearly and convincingly unsupported by the record.

{¶ 24} Further, the state's prompting the trial court to make a finding under R.C. 2929.14(C)(4)(a), (b), or (c) does not make the finding deficient. *State v. Miller*, 2022-Ohio-1438, ¶ 15 (12th Dist.), quoting *State v. Armstrong*, 2003-Ohio-2154, ¶ 10 (9th Dist.) ("Although it is better practice for a trial court to make its findings for imposing consecutive sentences on the record without prompting from the state, 'such a method of placing the findings on the record is not legally deficient.'").

{¶ 25} Therefore, the trial court's judgment imposing consecutive sentences is affirmed, and Dawson's assignment of error is not well-taken.

## V. Conclusion

**{¶ 26}** For the foregoing reasons, Dawson's appeal of the December 1, 2022 judgment of the Ottawa County Court of Common Pleas is dismissed. Dawson is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J. _____

JUDGE

Gene A. Zmuda, J. _____

Charles E. Sulek, P.J. JUDGE
CONCUR.

_____

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.