[Cite as *State v. Stewart*, 2025-Ohio-2676.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                        Nos. 114361 and 114362

    v.                                    :

PLEAS STEWART,                          :

    Defendant-Appellant.        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** July 25, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-22-676263-A and CR-22-666683-A
Application for Reopening
Motion No. 584849

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tyler W. Blair, Assistant Prosecuting Attorney, *for appellee.*

Pleas Stewart, *pro se.*

MARY J. BOYLE, J.:

{¶ 1} Applicant Pleas Stewart seeks to reopen his appeal in *State v. Stewart*, 2025-Ohio-1189 (8th Dist.), pursuant to App.R. 26(B) and *State v.*

*Murnahan*, 63 Ohio St.3d 60 (1992). Stewart alleges that appellate counsel was ineffective for failing to advance assignments of error related to (1) the trial court's failure to make required findings under R.C. 2929.14(C)(4) to impose consecutive sentences, (2) the invalidity of Stewart's guilty pleas, (3) the trial court's imposition of an "illegal blanket sentence," and (4) unspecified violations by trial counsel of Stewart's due process rights under the Fourteenth Amendment and Articles 1-10 and 16 of the Ohio Constitution.

{¶ 2} For the reasons that follow, Stewart has not demonstrated a genuine issue of a colorable claim of ineffectiveness of appellate counsel as it relates to the additional proposed assignments of error identified in his application. Accordingly, we deny his application.

## I.     Facts and Procedural History

{¶ 3} The instant appeal was a consolidated appeal from Cuyahoga C.P. No. CR-22-666683-A ("666683") and Cuyahoga C.P. No. CR-22-676263-A ("676263"). After initially entering guilty pleas in both cases pursuant to plea agreements, in October 2023, the trial court granted Stewart's presentence motion to withdraw his guilty pleas. In April 2024, Stewart reentered guilty pleas in 666683 pursuant to a new plea agreement. Stewart pled guilty to one count of failure to comply in violation of R.C. 2921.331(B), a third-degree felony; one count of attempted receiving stolen property in violation of R.C. 2923.02 and 2913.51(A), a fifth-degree felony; and one count of obstructing official business in violation of R.C. 2921.31(A), a fifth-degree felony. In exchange for his guilty pleas, other charges were dismissed.

Stewart declined a new plea offer in 676263, and that case proceeded to a bench trial.

{¶ 4} In 676263, the trial court found Stewart guilty on all charges — one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony, with one- and three-year firearm specifications and forfeiture specifications (Count 1); one count of robbery in violation of R.C. 2911.02(A)(2), a second-degree felony, with one- and three-year firearm specifications and forfeiture specifications (Count 2); and one count of theft in violation of R.C. 2913.02(A)(1), a first-degree misdemeanor, with forfeiture specifications (Count 3).

{¶ 5} A sentencing hearing was held addressing both cases. At the sentencing hearing, in 666683, the trial court sentenced Stewart to 36 months in prison — i.e., 24 months on the failure-to-comply count and 6 months each on the other two counts, to be served consecutively.

{¶ 6} In 676263, Count 2 was merged with Count 1, and the one-year firearm specifications were merged with the three-year firearm specifications. The trial court sentenced Stewart to an aggregate prison sentence of 12 to 15 years, i.e., three years each on the three-year firearm specifications to be served prior to and consecutive to six to nine years on the underlying offense in Count 1 and to time served on Count 3.

{¶ 7} Although the trial court stated at the sentencing hearing that "[t]he sentence in Case Number 676263 by law must be consecutive to Case Number

666683" and that "Case 666683 will run consecutive to Case Number 676263" this was not specifically set forth in the trial court's sentencing journal entries.

{¶ 8} Stewart appealed his convictions in both cases. The only assignment of error raised in the appeal was whether the trial court erred in denying Stewart's motion to suppress in 676263. On April 3, 2025, the panel overruled Stewart's assignment of error and affirmed his convictions. *Stewart*, 2025-Ohio-1189, at ¶ 1, 10, 23-24 (8th Dist.).

{¶ 9} On May 28, 2025, Stewart, pro se, filed a timely application to reopen his appeal pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60 (1992), based on the ineffective assistance of appellate counsel. Stewart asserts that he was denied the effective assistance of appellate counsel because appellate counsel failed to raise the following five additional proposed assignments of error on appeal:

First Assignment of Error: Imposing consecutive sentence

Second Assignment of Error: Imposing an illegal blanket sentence

Third Assignment of Error: Guilty pleas are invalid

Fourth Assignment of Error: Ineffective assistance of counsel

Fifth Assignment of Error: Due process violation

{¶ 10} The State timely opposed the application.

## II. Law and Analysis

### A. Standard for Reopening Appeal Based on a Claim of Ineffective Assistance of Appellate Counsel

{¶ 11} Under App.R. 26(B), a defendant in a criminal case may apply to reopen his or her appeal from the judgment of conviction and sentence based on a

claim of ineffective assistance of appellate counsel. The application must be filed within 90 days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time. App.R. 26(B)(1).

{¶ 12} Claims of ineffective assistance of appellate counsel are evaluated under the same standard applied to claims of ineffective assistance of trial counsel announced in *Strickland v. Washington*, 466 U.S. 668 (1984). *State v. Leyh*, 2022-Ohio-292, ¶ 17. Under this standard, "an applicant must show that (1) appellate counsel's performance was objectively unreasonable, [*Strickland*] at 687, and (2) there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' [*Strickland*] at 694." *Leyh* at ¶ 18.

{¶ 13} App.R. 26(B) establishes a two-stage procedure for adjudicating claims of ineffective assistance of appellate counsel. *Id*. at ¶ 19. An applicant must first make a threshold showing that appellate counsel was ineffective. *Id*. at ¶ 19, 35. An application for reopening "'shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal.'" *Id*. at ¶ 21, quoting App.R. 26(B)(5). "The burden is on the applicant to demonstrate a 'genuine issue' as to whether there is a 'colorable claim' of ineffective assistance of appellate counsel." *Leyh* at ¶ 21, citing *State v. Spivey*, 84 Ohio St.3d 24, 25 (1998). "[A]ppellate counsel need not raise every possible issue in order to render constitutionally effective assistance." *State v. Tenace*, 2006-Ohio-2987, ¶ 7, citing

*Jones v. Barnes*, 463 U.S. 745, 751 (1983), and *State v. Sanders*, 94 Ohio St.3d 150, 151-152 (2002).

{¶ 14} If the applicant makes the required threshold showing, demonstrating that "there is at least a genuine issue — that is, legitimate grounds — to support the claim that the applicant was deprived of the effective assistance of counsel on appeal," then the application shall be granted and the appeal reopened. *Leyh* at ¶ 25, citing App.R. 26(B)(5). The matter then "proceeds to the second stage of the procedure, which 'involves filing appellate briefs and supporting materials with the assistance of new counsel, in order to establish that prejudicial errors were made in the trial court and that ineffective assistance of appellate counsel in the prior appellate proceedings prevented these errors from being presented effectively to the court of appeals.'" *Leyh* at ¶ 22, quoting 1993 Staff Notes to App.R. 26(B).

### B. First Proposed Assignment of Error: Imposition of Consecutive Sentences and Alleged Failure to Comply with Crim.R. 11(C)(2)

{¶ 15} In his first proposed assignment of error, Stewart argues that appellate counsel was ineffective for not advancing an assignment of error challenging the trial court's imposition of consecutive sentences in 676263. Stewart argues that the trial court erred in imposing consecutive sentences "when the court found him guilty at a bench trial" without making required findings under R.C. 2929.14(C)(4) at the sentencing hearing or in the sentencing journal entry. Stewart also argues that trial court failed to comply with Crim.R. 11(C)(2) when accepting his guilty pleas in 666683 by failing to advise Stewart that the sentences

on the firearm specifications in 676263 would have to be served prior to and consecutive to any sentence in 666683.

{¶ 16} Appellate courts review challenges to felony sentences under R.C. 2953.08. Pursuant to R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand the matter for resentencing if it "clearly and convincingly finds" that (1) record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I) or (2) the sentence is otherwise contrary to law. R.C. 2953.08(G)(2); *see also State v. Jones*, 2024-Ohio-1083, ¶ 11-13.

{¶ 17} There is a statutory presumption of concurrent prison sentences for most felony offenses. R.C. 2929.41(A); *McKinney v. Haviland*, 2020-Ohio-4785, ¶ 7. Generally, to impose consecutive sentences, the trial court must make certain consecutive-sentence findings set forth in R.C. 2929.14(C)(4). The trial court must make each finding required under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing journal entry. *State v. Bonnell*, 2014-Ohio-3177, syllabus. Here, although the sentencing journal entries in both cases include consecutive-sentence findings under R.C. 2929.14(C)(4), it does not appear, from a review of the transcript of the sentencing hearing, that the trial court made such findings at the sentencing hearing.

{¶ 18} There are, however, exceptions to this rule. Trial courts are statutorily required to impose consecutive sentences in certain instances without regard to R.C. 2929.14(C)(4). Pursuant to R.C. 2929.14(C)(1)(a), "[t]he sentence for

a firearm specification must be served consecutively to, and prior to, any sentence for the underlying felony offense." *State ex rel. Scott v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-3635, ¶ 10, citing R.C. 2929.14(C)(1)(a) and *State v. Moore*, 2018-Ohio-3237, ¶ 8. R.C. 2929.14(C)(1)(a) further provides that mandatory prison sentences imposed for firearm specifications must generally be served consecutively to each other and "consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender." Likewise, if the trial court imposes a prison term for a felony violation of R.C. 2921.331(B), 2921.331(D) and 2929.14(C)(3) require that the offender serve that prison term consecutively to any other prison term or mandatory prison term imposed upon the offender. This consecutive-sentence mandate applies even where a defendant is sentenced in two or more separate cases. *See, e.g., State v. Beck*, 2024-Ohio-578, ¶ 18 (8th Dist.); *State v. Smith*, 2020-Ohio-914, ¶ 10 (8th Dist.).

{¶ 19} Here, the trial court ordered the sentences on the two three-year firearm specifications in Counts 1 and 2 served consecutively to each other and consecutively and prior to the sentence on the underlying offense as mandated by R.C. 2929.14(C)(1)(a) and 2929.14(B)(1)(g). Because the trial court was statutorily required to run the sentences on Stewart's three-year firearm specifications consecutively to each other and consecutively and prior to the underlying felony and because the trial court was statutorily required to run the sentence on Stewart's failure-to-comply charge in 666683 consecutively to the other sentences, the trial court was not required to make R.C. 2929.14(C)(4) findings before ordering that

those sentences be served consecutively. *See, e.g., State v. Nelson*, 2022-Ohio-1665, ¶ 42 (8th Dist.); *State v. Young*, 2015-Ohio-2862, ¶ 7, 10 (8th Dist.); *State v. Lopez*, 2024-Ohio-4584, ¶ 26 (8th Dist.); *State v. Dawson*, 2024-Ohio-1806, ¶ 17-19 (6th Dist.).

{¶ 20} With respect to Stewart's claim that the trial court erred in accepting his guilty pleas in 666683 without advising him that the mandatory sentences on "the gun specs" in 676263 were "to run consecutive to any and all additional cases," 676263 had not been tried when Stewart entered his guilty pleas in 666683. Stewart did not plead guilty to any firearm specifications in 666683. The record reflects that Stewart was advised of and understood the potential sentences he could receive as a result of his guilty pleas, including "the consecutive nature of the two case files" that would result from his guilty plea on the failure-to-comply count pursuant to R.C. 2921.331(D) and 2929.14(C)(3) — if he were to be found guilty of any charges in 676263. Stewart has cited no legal authority suggesting that the trial court had a responsibility to further explain the impact of potential sentences on the firearm specifications in his yet-to-be adjudicated case in order to comply with Crim.R. 11(C)(2) or to otherwise render Stewart's guilty pleas in 666683 knowing, intelligent, and voluntary. Further, the record reflects that the parties had multiple discussions on the record (including when Stewart originally entered guilty pleas in 676263 and before he withdrew those guilty pleas) regarding how any sentences on the firearm specifications in 676263 would have to be served prior to and consecutive to other sentences and what his maximum sentences could be in both cases. Stewart has not

claimed that he would not have entered his guilty pleas in 666683 or that he was otherwise prejudiced due to the lack of any additional advisements.

{¶ 21} In addition, as noted above, although the trial court stated at the sentencing hearing that "[t]he sentence in Case Number 676263 by law must be consecutive to Case Number 666683" and that "Case 666683 will run consecutive to Case Number 676263," the trial court did not, in fact, specifically order, in its sentencing journal entries, that the sentences in the two cases be served consecutively. Appellate counsel may have, therefore, concluded that it was in Stewart's interest not to raise an issue regarding the imposition of consecutive sentences in his appeal.

{¶ 22} Stewart has not demonstrated a genuine issue of a colorable claim of ineffective assistance of appellate counsel based on his first proposed assignment of error. Accordingly, Stewart's first proposed assignment of error does not provide grounds for reopening his appeal.

### C. Second and Third Proposed Assignments of Error: Illegal Blanket Sentence

{¶ 23} Stewart's second and third proposed assignments of error relate to the trial court's alleged imposition of an "illegal blanket sentence." In his second proposed assignment of error, Stewart argues that appellate counsel was ineffective for not advancing an assignment of error challenging the trial court's imposition of a blanket sentence in 676263. In his third proposed assignment of error, Stewart argues that appellate counsel was ineffective for not advancing an assignment of

error challenging the validity of Stewart's guilty pleas in in 666683 "due to the blanket sentence violation."

{¶ 24} Stewart argues that "'[i]nstead of considering multiple offenses as a whole and imposing one, overarching sentence to encompass the entirety of the offenses . . . a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense,'" quoting *State v. Saxon*, 2006-Ohio-1245, ¶ 9. He contends that "[t]he trial court failed to do so in this case when it stated that it was 'going to place [Stewart] in prison for 6 years and a maximum prison term of 9 years on the underlying offense(s)'" but then "veered off to a number of 12 years to 15 years, with no valid description to what charges." Stewart further argues that his guilty pleas in 666683 were invalid because "[a]n appellant cannot plead guilty to charges and receive a blanket sentence knowingly."

{¶ 25} However, Stewart was not sentenced to a "blanket sentence" in either case. In each case, the trial court imposed individual sentences on each count. The record shows that in 666683, the trial court sentenced Stewart to 24 months on Count 1, to 6 months on Count 3, and to 6 months on Count 4. In 676263, the trial court sentenced Stewart to 3 years on each of the three-year firearm specifications. A sentence was not imposed on the underlying offense in Count 2 because that count was merged with Count 1, and the State elected to sentence Stewart on Count 1. The trial court sentenced Stewart to an indefinite term of 6 to 9 years, pursuant to the

Reagan Tokes Act, on the underlying offense in Count 1 and to time served on Count 3.

{¶ 26} Stewart has not demonstrated a genuine issue of a colorable claim of ineffective assistance of appellate counsel based on his second and third proposed assignments of error. Accordingly, these proposed assignments of error do not provide grounds for reopening Stewart's appeal.

### D. Fourth and Fifth Proposed Assignments of Error: Ineffective Assistance of Counsel and Due Process Violations

{¶ 27} Stewart's fourth proposed assignment of error consists of general assertions regarding the right to effective assistance of counsel both at trial and on appeal and an assertion that appellate counsel "failed to communicate, or send appellant any briefs, transcripts, or any other pertinent documents." In his fifth proposed assignment of error, Stewart argues that appellate counsel was ineffective for not advancing an assignment of error challenging unspecified violations by trial counsel of Stewart's due process rights under the Fourteenth Amendment and Articles 1-10 and 16 of the Ohio Constitution.

{¶ 28} Stewart does not support these proposed assignments of error with argument that demonstrates the existence of a genuine issue of a colorable claim of ineffective assistance of appellate counsel. He has not shown or explained (1) how appellate counsel was allegedly ineffective for failing to adequately communicate with him or provide him with copies of documents or (2) how any such failures could have impacted the success of his appeal. *See, e.g., State v. Anderson*, 2018-Ohio-

82, ¶ 16 (8th Dist.) (Appellant's "dissatisfaction with his appellate counsel, in not communicating with him more, and not sending him a copy of the transcript, is not considered ineffective assistance of appellate counsel for purposes of App.R. 26(B).").

{¶ 29} Further, "'[m]erely reciting assignments of error . . . without presenting legal argument and analysis'" explaining how appellate counsel's performance was allegedly deficient and how the applicant was allegedly prejudiced thereby "'is not sufficient to support an App.R. 26(B) application for reopening.'" *State v. Abraham*, 2025-Ohio-1446, ¶ 18 (8th Dist.) (An applicant's "laundry list of complaints" regarding his trial "does not fulfill the requisites of App.R. 26(B)."), quoting *State v. Townsend*, 2022-Ohio-4398, ¶ 7 (8th Dist.); *see also State v. Pennington*, 2025-Ohio-1445, ¶ 14 (8th Dist.) (An application that "merely list[ed] errors, rather than argue and develop them with legal authority other than a conclusory statement" was "defective.").

{¶ 30} Accordingly, Stewart's fourth and fifth proposed assignments of error do not provide a basis for reopening his appeal.

{¶ 31} For all these reasons, Stewart's application for reopening is denied.

_____

MARY J. BOYLE, JUDGE

LISA B. FORBES, P.J., and
DEENA R. CALABRESE, J., CONCUR